# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

ERICA JAMES & NICKLAS A. PONA,

    Plaintiffs

    v.

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant.

4:25-cv-243

## ORDER

This action is before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") motion to dismiss, dkt. no. 8, and motion to strike, dkt. no. 16. The motions have been fully briefed and are ripe for review. Dkt. Nos. 8, 15, 16, 17. For the reasons set forth below, State Farm's motions are **DENIED**.

## BACKGROUND

### I.  Factual Background[1]

This case is a breach of contract action by Plaintiffs Erica James and Nicklas A. Pona against Defendant State Farm. See generally Dkt. No. 1-1. As alleged in the complaint, Plaintiffs

---

[1] In evaluating a motion to dismiss, the Court must accept the facts alleged in the complaint as true and "construe them in the light most favorable to the plaintiffs." Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016) (citations omitted).

and State Farm were parties to an insurance policy ("the policy") under which State Farm provided insurance coverage for property located at 157 Scuffletown Road, Guyton, Georgia 31312 ("the property"). Id. at 4, ¶ 5; id. at 11–56 (alleged policy attached to the complaint). The policy allegedly provided coverage against "sudden and accidental direct physical loss." Id. at 4–5, ¶ 6.

On July 17, 2024, the property was allegedly damaged due to wind and hail. Id. at 5, ¶ 7. Plaintiffs claim that the loss suffered was covered under the policy. Id. Plaintiffs allegedly notified State Farm of the damage and made a claim under the policy. Id. at 5, ¶¶ 8–9. State Farm then assigned a claim number to the loss, 11-71F4-39M, and assigned an adjuster to investigate Plaintiffs' claim. Id. at 5, ¶ 9.

After performing an inspection of the property, State Farm allegedly agreed that the property sustained a covered loss and sent Plaintiffs a payment of $6,870. Id. at 5–6, ¶¶ 11–14. Plaintiffs viewed this sum as inadequate to cover the loss and requested a re-evaluation of their claim. Id. at 6, ¶ 15. As part of this re-evaluation request, Plaintiffs purportedly submitted a "sworn proof of loss," receipts relating to the loss, pictures of the damage, and an updated estimate of the loss. Id. State Farm allegedly refused to reconsider its position and denied further payment. Id. Plaintiffs argue that State Farm's refusal to pay

2

"all direct physical losses" under the policy constitutes a breach of the insurance contract. Id. at 6–9, ¶¶ 16–29.

## II.  Procedural Background

Plaintiffs originally filed their complaint in the Superior Court of Effingham County, Georgia, on July 15, 2025. Dkt. No. 1-1 at 3. State Farm then removed the suit to this Court on October 10, 2025. See generally Dkt. No. 1. In the complaint, Plaintiffs bring a single substantive count for breach of contract, Count One, wherein they allege that State Farm breached the insurance policy by inadequately providing coverage under the policy's terms and failing to act with "good faith and fair dealing." Dkt. No. 1-1 at 7–9, ¶¶ 20–29. Plaintiffs seek compensatory damages, attorney's fees and costs, consultant and expert fees, pre-judgment and post-judgment interest, "all statutory penalties," bad faith damages "in an amount of fifty percent (50%) of the total compensatory damages award or $5,000, whichever is greater," and "[a]ny and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity." Id. at 9–10, ¶ 31.

On October 17, 2025, State Farm timely filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Dkt. No. 8-1. On February 27, 2026, Plaintiffs filed a response to State Farm's motion to dismiss. Dkt. No. 15. State Farm then filed a motion to strike Plaintiffs'

3

response based on the tardiness of Plaintiffs' filing. Dkt. No. 16; see also S.D. Ga. L.R. 7.5 (requiring a party opposing a motion to serve and file a response within fourteen days of service of the motion). State Farm filed a reply to Plaintiffs' response on March 13, 2026. Dkt. No. 17.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the alleged facts allow the Court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

4

In evaluating a motion to dismiss, the Court must accept the facts alleged in the complaint as true and "construe them in the light most favorable to the plaintiffs." Ray, 836 F.3d at 1347 (citations omitted). The Court need not accept as true allegations that merely declare that the elements of the claim are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555); Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations adopted).

When a case has been removed from state court, federal pleading standards apply-even if the complaint would have been subject to other pleading requirements had it remained in state court. Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986)

("[A] federal court need not adhere to a state's . . . pleading requirements but should instead follow Fed. R. Civ. P. 8(a)." (citations omitted)); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); Valdez v. USAA Cas. Ins., No. 23-CV-24308, 2024 WL 7003289, at *2 (S.D. Fla. Apr. 26, 2024) (declining to analyze the sufficiency of an amended complaint under Florida's state-court pleading requirements in a motion to dismiss analysis conducted after the case was removed to federal court).

**DISCUSSION**

**I.   State Farm's Motion to Strike**

State Farm moves to strike Plaintiffs' response to its motion to dismiss because the response was filed late. Dkt. No. 16. While Plaintiffs did file their response to State Farm's motion well past the deadline mandated by the Local Rules, the Court declines to strike Plaintiffs' response. The response addresses State Farm's arguments as to the motion to dismiss, and State Farm was able to address each of those points in its reply. Dkt. Nos. 15, 17; see also Cocke v. United States, No. 4:19-CV-169, 2026 WL 713991, at *1 n.1 (S.D. Ga. Mar. 13, 2026) (stating that Local Rule 7.5 "does not mandate that untimely response be disregarded and instead grants the Court discretion over whether to consider a late response"). Therefore, State Farm's motion to strike, dkt.

6

no. 16, is **DENIED**.

### II.  State Farm's Motion to Dismiss

####     A.    Count One: Breach of Contract

In its motion to dismiss, State Farm first argues that Plaintiffs have failed to allege sufficient facts to sustain a breach of contract claim. Dkt. No. 8-1 at 6–8. State Farm argues that the complaint mainly consists of conclusory statements and that Plaintiffs failed to cite the specific provisions of the policy allegedly breached by State Farm. Id. at 6–8. State Farm also argues that Plaintiffs failed to plead the required element of damages for their breach of contract claim because Plaintiffs did not plead a specific amount of damages. Id. at 7–8. Plaintiffs respond by arguing that the complaint should be evaluated under Georgia pleading standards, and—even if evaluated under federal pleading standards—the complaint has stated a plausible claim for breach of contract. Dkt. No. 15 at 3–9.

As stated supra, federal pleading standards apply when evaluating Plaintiffs' claims. See Caster, 781 F.2d at 1570. Under this standard, Plaintiffs have failed to sufficiently plead their breach of contract claim. The complaint is indeed bare: there is no indication as to what aspects of the property were damaged other than the allegation that the property sustained "wind/hail" damage. Dkt. No. 1-1 at 5, ¶ 7. Plaintiffs offer no explanation as to why State Farm's payment was insufficient but rather allege

that it was "obvious" that the property sustained greater damage. Id. at 6, ¶¶ 13-14. Additionally, the complaint does not state which provision of the policy State Farm allegedly breached.

"To prove a breach of contract claim under Georgia law, a plaintiff must show (1) breach, (2) the resultant damages that he suffered, and (3) that he 'has the right to complain about the contract being broken.'" Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020) (quoting Kuritzky v. Emory Univ., 669 S.E.2d 179, 181 (Ga. Ct. App. 2008)). A plaintiff fails to adequately plead a breach of contract claim under Georgia law when he fails to plead "any general or specific provision of any contract that [the Defendant] might have breached." Id. at 1358-59.

Here, Plaintiffs' complaint does not identify any general or specific contract provision that State Farm allegedly breached. Instead, Plaintiffs generally allege that State Farm is "required to compensate the [Plaintiffs] for all direct physical losses under the terms of the Policy" and has failed to "adequately provide coverage" and "act in good faith and fair dealing" under the policy's terms. Dkt. No. 1-1 at 8, ¶¶ 22-24. Plaintiffs do not cite the policy with any specificity but instead attach the policy in its entirety to their complaint. Dkt. No. 1-1 at 11-56. These conclusory allegations in conjunction with the attached policy are not sufficient to state a claim for breach of contract. See Britt

8

v. State Farm Fire & Cas. Co., No. 2:25-CV-132, 2026 WL 444507, at *3-4 (S.D. Ga. Feb. 17, 2026) (analyzing almost identical arguments in an insurance contract dispute and reaching the same conclusion); Allstate Ins. Co. v. ADT, LLC, No. 1:15-cv-517-WSD, 2015 WL 5737371, at *7 (N.D. Ga. Sept. 30, 2015) ("Plaintiff does not identify what contract provision was allegedly breached, and for this reason, Plaintiff's Complaint, as currently pled, fails to state a claim for breach of contract and is required to be dismissed."); Huck v. Phila. Consol. Holding Corp., No. 1:19-CV-03336-SDG, 2020 WL 4726753, at *2 (N.D. Ga. Mar. 19, 2020) ("While Plaintiffs are not required to quote from the Policy, they must do more to provide Defendants with adequate notice of the alleged breach; the Policy itself contains a plethora of coverage provisions, forms, exclusions, and endorsements, any of which could, theoretically, saddle Defendants with liability."). Therefore, State Farm's first argument for dismissal has merit.

State Farm's second argument with respect to Count One, however, is misplaced. State Farm argues that, to state a claim for breach of contract, Plaintiffs must plead the amount of damages as an identifiable sum, such as the amount necessary to repair Plaintiffs' property or the amount allegedly owed under the policy. Dkt. No. 8-1 at 7-8. In support of this argument, State Farm cites Bauer v. State Farm Life Insurance Company, No. 1:21-CV-00464, 2022 WL 912687 (N.D. Ga. Mar. 28, 2022). Dkt. No. 8-1 at 7. In

9

Bauer, however, the court found that failure to state an identifiable sum supported the defendant's motion to dismiss a *monetary conversion claim*, not a breach of contract claim. 2022 WL 912687, at *2–3. A plaintiff bringing a claim for monetary conversion under Georgia law must specify an identifiable sum in his complaint because "money, unlike tangible property, is fungible and difficult to claim ownership over because it typically cannot be 'differentiated by specific identification.'" Id. at *2 (quoting Taylor v. Powertel, Inc., 551 S.E.2d 765, 769 (Ga. Ct. App. 2001)). As stated by a sister court addressing a similar issue: "The elements for a breach of contract claim and conversion of money claim are not analogous." Boyd v. State Farm Fire & Cas. Co., No. 7:24-CV-116-WLS, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025). Therefore, as State Farm has not identified any authority requiring Plaintiffs to plead a specific amount of damages, failure to do so here is not fatal to Plaintiffs' breach of contract claim. See id.

### B.   Plaintiffs' Requests for Relief

State Farm next argues that certain aspects of the complaint's requests for relief should be dismissed for failure to state a claim. Dkt. No. 8-1 at 8–13. Specifically, State Farm argues that Plaintiffs' complaint fails to state a claim for bad faith penalties, attorney's fees, litigation expenses, and pre- and post-judgment interest. Id. Importantly, though, Plaintiffs'

breach of contract claim is the complaint's sole substantive count; Plaintiffs' references to bad faith penalties, attorney's fees, expenses, and interest are all requests for relief, not their own causes of action. See Dkt. No. 1-1 at 9–10, ¶ 31 (Plaintiffs' "prayer for relief" seeking—among other forms of monetary damages—bad faith damages, attorneys' fees, costs, and pre- and post-judgment interest); see also Pollock v. State Farm Fire & Cas. Co., No. 7:25-CV-156-WLS, 2026 WL 852067, at *6 (M.D. Ga. Mar. 27, 2026) (characterizing plaintiffs' request for bad faith damages as a "request for relief"); Bobo's Drugs, Inc. v. Total Pharm. Supply, Inc., No. 8:17-CV-2553-T-30AAS, 2018 WL 2688786, at *1 (M.D. Fla. Feb. 9, 2018) (agreeing with the plaintiff's argument that "attorney's fees are simply types of relief [p]laintiff seeks for the claim, not the claim itself").

The only substantive count in the complaint is Plaintiffs' breach of contract claim, and the remaining requests for bad faith damages, fees, costs, and interest are merely requests for relief rather than causes of action which are subject to dismissal under Rule 12(b)(6). Dkt. No. 1-1 at 3–10; see also Branch v. O'Brien, No. 4:14-CV-147, 2014 WL 7405780, at *2 (S.D. Ga. Dec. 29, 2014) ("Rule 12(b)(6), a vehicle for testing whether a plaintiff is entitled to relief, is an improper vehicle for challenging the sufficiency of a prayer for relief, which is merely part of the relief sought." (citations omitted)). In light of efforts to

"part[] ways with a contingent of other courts that have entertained motions to dismiss prayers for relief under Rule 12(b)(6)," the Court declines to dismiss the types of relief targeted in State Farm's motion to dismiss for failure to state a claim.[2] Branch, 2014 WL 7405780, at *3 (citing Schmidt v. C.R. Bard, Inc., No. 6:14-cv-62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014)).

### III. Leave to Amend

While the complaint presently falls short of federal pleading requirements, the Court nonetheless grants Plaintiffs leave to file an amended complaint. While the time to amend their pleading as a matter of course has long passed, a party may amend its pleading with the court's leave. See Fed. R. Civ. P. 15(a)(2). Notably, a district "court should freely give leave when justice so requires," id., unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party." Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC, 7 F.4th 989, 999–1000 (11th Cir. 2021) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962); Garfield v. NDC Health Corp., 466 F.3d 1255, 1270 (11th Cir. 2006)). District courts' discretion

---

[2] This Order should not be interpreted as a guarantee that Plaintiff will be able to recover all or any of the requested types of relief listed in the complaint. Rather, this Order merely analyzes the complaint to determine whether this case may move beyond the pleading stage.

to allow amendment should generally be exercised in a manner favoring amendment rather than wholesale dismissal in an effort to reach the merits of a dispute. Id. at 1000 (citing Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406–07 (11th Cir. 1989) (stating that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion")).

This discretion also extends to allow amendments to pleadings "even when a party does not formally request leave." Id. (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that a "district court is not *required* to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court" (emphasis added))). At bottom, the Eleventh Circuit neither requires a district court to grant leave to amend a pleading *sua sponte* nor forbids it. Id. (citations omitted).

Guided, in part, by the Eleventh Circuit's preference for liberally permitting amendments, the Court elects to allow Plaintiffs an opportunity to amend the complaint, rather than dismissing the case at this stage. See id. (citing Shipner, 868 F.2d at 406–07). Lending further support to this decision, there is no suggestion of undue prejudice present in this case such that it would be improper for Plaintiffs to be afforded an opportunity

13

to amend their pleading, especially where this would be their first amended complaint.

As such, the Court **DENIES** State Farm's motion to dismiss at this time and **ORDERS** Plaintiffs to file an amended complaint within **ten (10) days** of the date of this Order. Plaintiffs are warned that their failure to assert sufficient factual allegations to support a plausible claim for relief will result in dismissal of this case, as will an untimely amendment.

**CONCLUSION**

State Farm's motion to dismiss, dkt. no. 8, and motion to strike, dkt. no. 16, are **DENIED**. Additionally, State Farm's request for oral argument on its motion to dismiss, dkt. no. 9, is **DENIED as MOOT**.[3] Plaintiffs are **ORDERED** to file an amended complaint, as directed above, within **ten (10) days** of the date of this Order.

**SO ORDERED** this 20th day of July, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] A court is not required to hold an oral hearing before ruling on a motion to dismiss. Roberts v. FNB S. of Alma, Ga., 716 F. App'x 854, 857 (11th Cir. 2017) (citing Greene v. WCI Holdings Corp., 136 F.3d 313, 316 (2d Cir. 1998)). Instead, Rule 12 requires only that a party "be given the opportunity to present its views to the court." Greene, 136 F.3d at 316. State Farm has adequately addressed the key issues of its motion to dismiss within its briefing. Dkt. Nos. 8-1, 17.